UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN WILLIAMS,

                              Plaintiff,

            -v-

OFFICE OF CHILD SUPPORT; NYU LANGONE
MEDICAL CENTER,

                             Defendants.

21 Civ. 8235 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Sean Williams ("Williams") alleges that defendants have unlawfully garnished his wages in support of child support obligations ordered by the State of Vermont. This lawsuit is Williams's third bite at the apple—courts in this District have twice rejected virtually identical claims brought by Williams against his employer, NYU Langone Hospitals (and/or affiliates thereof), seeking cessation of the wage garnishment. For the reasons below, the Court *sua sponte* dismisses this case.

On December 18, 2019, Williams brought his first suit, which alleged violations of his rights to procedural and substantive due process. *Williams v. NYU Hospital Center Finance & Payroll Support*, No. 19 Civ. 11612 (LLS) (S.D.N.Y.). On April 14, 2020, Judge Stanton *sua sponte* dismissed the suit (1) for failure to state a claim; (2) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine; and (3) because the domestic relations abstention doctrine counseled against hearing the case. *Id.* Dkt. 5.

On May 21, 2020, Williams brought a second lawsuit, reprising his rejected arguments in the first—albeit through the lens of an alleged unlawful "search & seizure" under the Fourth Amendment. *Williams v. Cooper*, No. 20 Civ. 4125 (LLS), Dkt. 1 (S.D.N.Y.). On September 3,

2020, Judge Stanton again *sua sponte* dismissed the suit, explaining that Williams's claims were barred by the doctrines of *res judicata* and claim preclusion, as the action arose "out of the same set of facts as the previous action, and the previous action was adjudicated on the merits." *Id.* Dkt. 5 at 5.

In this third lawsuit, Williams again challenges the garnishment of his wages to satisfy child support obligations in violation of his constitutional rights. These arguments, having already been addressed and rejected by a court in this District—twice—are still barred by the doctrines of *res judicata* and claim preclusion. Judge Stanton's analyses in the prior two dismissal orders are just as applicable here, and the Court incorporates them by reference. Williams appears to argue that Judge Stanton's most recent *sua sponte* dismissal is a "void judgment" because the doctrine of *res judicata* violates Williams's constitutional right to a jury trial. *See* Dkt. 15. But that argument misunderstands the constitutional jury trial right, which does not preclude courts from dismissing cases already fully adjudicated on the merits.

The Court *sua sponte* dismisses Williams's claims with prejudice for the reasons stated in Judge Stanton's September 3, 2020 order. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 14 and 15, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 11, 2022
New York, New York

2