UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN WILLIAMS,

                                    Plaintiff,

                      -v-

OFFICE OF CHILD SUPPORT, NYU LANGONE
MEDICAL CENTER,

                                  Defendants.

21 Civ. 8235 (PAE) (RWL)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Sean Williams ("Williams"), proceeding *pro se*, claims that defendants NYU Langone Medical Center ("NYU Langone") and Office of Child Support have unlawfully garnished his wages to satisfy child support obligations ordered by the State of Vermont.[1] *See* Dkt. 1. On June 29, 2022, NYU Langone moved to extend its time to respond to Williams's complaint, attaching dismissals of similar claims by Williams in two other cases in this District. *See* Dkt. 14. On July 11, 2022, this Court *sua sponte* dismissed the case, holding that Williams's claims—"having already been addressed and rejected by a court in this District"—were barred by the doctrines of *res judicata* and claim preclusion. Dkt. 18.

    On November 29, 2022, NYU Langone, having since been served a seemingly identical complaint from Williams, requested a conference to set a briefing schedule for its anticipated motion to dismiss and motion for sanctions based on Williams's "frivolous and harassing conduct." Dkt. 20. On November 30, 2022, the Court held that NYU Langone need not move to

---

[1] Office of Child Support, despite being served, *see* Dkts. 8, 16, has not responded to the complaint or otherwise appeared in this action.

dismiss Williams's already-dismissed claims nor respond to the recently served complaint. *See* Dkt. 21. On December 9, 2022, NYU Langone moved for sanctions against Williams pursuant to Federal Rule of Civil Procedure 11, seeking double the costs and attorneys' fees associated with defending against Williams's claims and an injunction precluding Williams from filing further claims against NYU Langone without leave of the Court. *See* Dkt. 24. The motion for sanctions was served on Williams, but he did not respond by, and has not responded since, the December 23, 2022 deadline for doing so. *See* Dkts. 26 (affidavit of service on Williams on December 12, 2022), 28 (order of Hon. Robert W. Lehrburger, Magistrate Judge, *sua sponte* extending Williams's time to respond), 29.

The Court referred the motion to Judge Lehrburger, to whom the Court had earlier referred the case for general pretrial supervision, Dkt. 4, for a Report and Recommendation. Dkt. 25. On March 3, 2023, Judge Lehrburger issued a Report, recommending that the Court grant in part and deny in part NYU Langone's motion, with the grant limited to enjoining Williams from filing lawsuits against NYU Langone relating to the garnishment of his wages absent leave of the Court. *See* Dkt. 30 (the "Report"). No parties filed objections. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.

2

1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Lehrburger's characteristically well-reasoned and thorough Report reveals no facial error in its conclusions. The Report is therefore adopted in its entirety. Because the Report explicitly states that the parties "shall have fourteen (14) days to file written objections to this recommendation," and that the failure to file timely objections "will preclude the right to object and also will preclude appellate review," the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Lehrburger's March 3, 2023 Report and Recommendation in its entirety and grants in part and denies in part NYU Langone's motion for sanctions. The Court enjoins Williams from filing in this District future lawsuits against NYU Langone regarding the alleged garnishment of his wages without seeking leave of the Court. Furthermore, the Court warns Williams that, should he file a frivolous action against NYU Langone, he may be subject to additional sanctions, including monetary sanctions. At this time, however, the Court does not impose monetary sanctions.

The Court respectfully directs the Clerk of the Court to terminate the motion at docket number 23. This case remains closed.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 13, 2023
      New York, New York